# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Criminal Action Number** |
| ) | **14-00060-11-CR-W-DW** |
| **Xavier Matthews,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is the MOTION TO DISMISS INDICTMENT [Doc. 40] filed by defendant Xavier D. Matthews ("Matthews") on February 12, 2015. The parties have fully briefed the motion and the Court has determined that an evidentiary hearing was not necessary. For the reasons set out below, the Court recommends that the motion be denied.

On March 18, 2014, defendant Matthews was indicted for being a drug user in possession of a firearm pursuant to 18 U.S.C. § 922(g)(3) after he was arrested in a vehicle where a firearm was located and where there were indications that Matthews had recently smoked marijuana. As noted by Matthews, under the charging statute, the government must establish that he was an "unlawful user of a controlled substance" under 18 U.S.C. § 802 (as incorporated into 18 U.S.C. § 922(g)(3)). Matthews argues that marijuana – although still listed under the federal Controlled Substances Act – can now be legally used under state or local law by "[a]pproximately half of the citizens living in the United States." Matthews asserts that this fact creates an ambiguity and uncertainty as to whether he was an "unlawful" and "regular" user of a controlled substance. *Compare* 8TH CIR. CRIM. INSTR. 6.18.922B.

With his pending MOTION TO DISMISS INDICTMENT [Doc. 40], Matthews challenges 18 U.S.C. § 922(g)(3) as being unconstitutionally vague.[1] The genesis for such a constitutional attack arises from principles of due process.

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford,* 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2299 (1972). Constitutional attacks on statutes typically can take one of two forms – a "facial" attack or an "as applied" attack. However, with regard to vagueness claims, the Supreme Court has determined that, unless a constitutional claim is made under the First Amendment, a vagueness challenge cannot be aimed at the statute on its face but must be limited to the application of the statute to the particular conduct charged. *See*, *e.g.*, *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319-20 (1975); *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714 (1975).

---

[1] In one sentence, Matthews also asserts – without any argument or analysis – that 18 U.S.C. § 922(g)(3) violates the Second Amendment right to bear arms and the Fourteenth Amendment's guarantee of equal protection. With regard to the latter, the Fourteenth Amendment explicitly applies only to the states. U.S. CONST. amend. XIV. *But see United States v. McClinton*, 815 F.2d 1242, 1244 n.3 (8th Cir. 1987) ("[T]he fifth amendment right to due process which is applicable to the federal government . . . incorporates principles of equal protection."). With regard to the Second Amendment, the Court adopts the reasoning of the district court in *United States v. Stacy*, 2010 WL 4117276, slip. op. (S.D. Cal. Oct. 18, 2010):

> Courts examining § 922(g)(3) post-*Heller* have rejected Second Amendment challenges to the statute, concluding that § 922(g)(3) is the type of longstanding prohibition on the possession of firearms that *Heller* declared presumptively lawful.

*Id.* at *7 (*citing District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783 (2008)).

To avoid being unconstitutionally vague, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858 (1983) (collecting cases). In addition, as explained, "vagueness challenges to statutes which do not involve First Amendment freedoms" must be examined "in the light of the facts of the case at hand." *Powell,* 423 U.S. at 92, 96 S.Ct.at 319-20 (*citing Mazurie,* 419 U.S. at 550, 95 S.Ct. at 714). Thus, in addressing another criminal defendant's vagueness challenge to the predecessor statute of 18 U.S.C.§ 922(g)(3), the Ninth Circuit observed:

> [The court is] not concerned with hypothetical situations where the term "unlawful user" [in the predecessor statute] does not give an ordinary person reasonable notice; rather, our concern is whether the term is impermissibly vague in the circumstances of this case.

*United States v. Ocegueda,* 564 F.2d 1363, 1365 (9th Cir.1977). *Compare United States v. Yielding*, 657 F.3d 688, 715 (8th Cir. 2011) ("We consider whether a statute is vague as applied to the particular facts at issue, for [a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

The import of these decisions is that a court may not resolve a vagueness challenge upon supposition of anticipated trial evidence; instead, a court must evaluate the constitutional challenge in light of evidence actually adduced at trial. *See, e.g., United States v. Reed,* 114 F.3d 1067, 1070 (10th Cir. 1997) ("it was error to consider the [vagueness] challenge at the preliminary stage of the proceedings"). Consequently, the Court denies the motion to dismiss without prejudice. *United States v. Haslett*, 2006 WL 1779006, op. at *4 (W.D. Mo. June 26, 2006) (denying defendant's vagueness challenge to § 922(g)(3) without prejudice to renewal following the government's case-in-chief at trial); *United States v. Keys,* 390 F.Supp.2d 875,885 (D.N.D. 2005) (same); *United States v. Bastian,* 112 F.Supp.2d 378,380 (S.D.N.Y. 2000) (same).

3

For the foregoing reasons, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the MOTION TO DISMISS INDICTMENT [Doc. 40] filed by defendant Xavier D. Matthews ("Matthews") on February 12, 2015.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                            */s/ John T. Maughmer*
                                                              **John T. Maughmer**
                                            **United States Magistrate Judge**